**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARIUS DEMON LAKE,<br><br>                                  Plaintiff,<br><br>          v.<br><br>A. JORRIN,<br><br>                                  Defendant. | Case No.: 23cv1293-DMS (KSC)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CIVIL ACTION** |

Darius Demon Lake ("Plaintiff"), a state prisoner proceeding pro se, has filed a civil rights Complaint accompanied by a motion to proceed in forma pauperis ("IFP"). (ECF Nos. 1-2.)

**I.      Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a failure to prepay the entire fee only if leave to proceed IFP is granted pursuant to 28 U.S.C. § 1915(a).  *See*

---

[1] In addition to a $350 fee, civil litigants, other than those granted leave to proceed IFP, must pay an additional administrative fee of $52.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).

*Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1) & (4). The institution collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2). The plaintiff remains obligated to pay the entire fee in monthly installments regardless of whether their action is ultimately dismissed. *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

Plaintiff's IFP application does not contain the required trust fund account statement. (*See* ECF No. 2.) The Court cannot grant his IFP application without the trust fund account statement for the 6-month period immediately preceding the filing of his Complaint. *See Andrews*, 398 F.3d at 1119 ("prisoners must demonstrate that they are not able to pay the filing fee with an affidavit and submission of their prison trust account records."), citing 28 U.S.C. § 1915(a)(1)–(2). Plaintiff's motion to proceed IFP is **DENIED** and this action is **DISMISSED** without prejudice based on Plaintiff's failure to pay the civil filing and administrative fee or to submit a properly supported motion to proceed IFP pursuant to 28 U.S.C. §§ 1914(a) & 1915(a).

II. **Conclusion and Order**

Accordingly, the Court:

(1) **DENIES** Plaintiff's motion to proceed IFP without prejudice.

(2) **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the civil filing and administrative fee or to submit a properly supported motion to proceed IFP pursuant to 28 U.S.C. §§ 1914(a) & 1915(a).

(3)     **GRANTS** Plaintiff forty-five (45) days leave from the date this Order is filed to: (a) prepay the entire $402 civil filing and administrative fee in full; or (b) complete and file a properly supported motion to proceed IFP which includes a certified copy of his prison trust account statement for the 6-month period preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. R. 3.2(b).  If Plaintiff fails to either pay the $402 civil filing fee or submit a properly supported motion to proceed IFP within 45 days, this action will remain dismissed without prejudice based solely on his failure to satisfy 28 U.S.C. § 1914(a)'s fee requirement and without further Order of the Court.

**IT IS SO ORDERED**

Dated:  August 1, 2023

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court